UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************************
REGINALD A. KNIGHT,                          *
                                             *
              Plaintiff                      *
                                             *
v.                                           *   C.A. NO.
                                             *
KAMAYA LLC d/b/a SUBWAY RESTAURANT,          *
                                             *
              Defendant                      *
*********************************************
```

## **COMPLAINT**

    1.  This court has subject matter jurisdiction of this action pursuant to 42 U.S.C. § 2000e-5(F)(3).

    2.  Venue in this court is invoked pursuant to 28 U.S.C. 1391(b)(1), (2) and (3).

    3.  The plaintiff is a natural person who currently resides in Boston, Massachusetts.

    4.  The defendant, Kamaya, LLC d/b/a Subway Restaurant, is a LLC with a place of business located in Boston, Massachusetts.  Defendant's registered agent is Kevin England, 21 Milton Road in Brookline, Massachusetts.

    5.  At all times material hereto, the defendant has operated a number of restaurants in Massachusetts.

    6.  Plaintiff was employed by defendant for one week in December, 2013.  His most recent position was as a sandwich artist.  He is a homosexual and also is HIV positive.

    7.  At all times material hereto plaintiff performed his duties with the defendant in an exemplary, competent and more than adequate manner.

    8.  On or about December 12, 2013 the defendant corporation discharged plaintiff from his position.

9.  Plaintiff presently remains fully capable of performing his former duties with defendant.

10.  The corporate defendant's course of conduct towards plaintiff in discharging him was motivated by impermissible factors, namely plaintiff's sexual orientation and/or disability, being HIV positive, and/or in retaliation for plaintiff having complained for sexual harassment by co-workers, and would not have been so treated by defendant if he had not been homosexual and/or if he had had not been HIV positive and/or if he had not complained of sexual harassment, all in violation of 42 U.S.C. Section 2000e-2, G.L. c. 151B Section 4, and 42 U.S.C. Section 12112.

11.  On or about January 7, 2014 the plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC) and the Massachusetts Commission Against Discrimination (MCAD) which complaint alleged that defendant discharged plaintiff from employment on account of his sexual orientation, and/or disability, and/or in retaliation for his complaint of sexual harassment.  This complaint was assigned a docket number of 141300371 by the MCAD and 523-2014-00195 by the EEOC.

12.  Plaintiff has exhausted all administrative remedies which are required to be exhausted prior to his bringing or maintaining this action.

<u>Damages</u>

13.  As a result of the loss of his employment as alleged above, plaintiff has incurred damages in the nature of lost earnings, and has incurred great mental anguish and suffering.

WHEREFORE, the plaintiff prays for the following relief:

A.  That he be awarded damages sufficient to compensate him for his loss of earnings, past and future, and for his mental anguish and suffering;

B.  That he be awarded punitive damages pursuant to Federal Law and State Law;

C.  That the defendant be ordered to reinstate plaintiff to his former position without loss of seniority or other benefits;

D.  That he be awarded his costs of this action including reasonable attorney's fees; and

E.  That this Court award him such other and further relief as it deems just and proper.

<u>Jury Claim</u>

The plaintiff claims a trial by jury on all of her claims.

Reginald A. Knight
By his attorney,

Date:  April 17, 2014

/s/ Paul A. Manoff
Paul A. Manoff
47 Winter Street, #4
Boston, MA 02108
(617) 542-4620
BB0# 318220

dubuisson\complaint

-3-