UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNIFER HUDSON, f/k/a <br> REGINALD A. KNIGHT, <br><br> Plaintiff, <br><br> v. <br><br> KAMAYA LLC d/b/a <br> SUBWAY RESTAURANT, <br><br> Defendants. | CIVIL ACTION NO.: 1:14-cv-11877-DPW |

## ANSWER OF KAMAYA LLC d/b/a SUBWAY RESTAURANT TO AMENDED COMPLAINT

Defendant, Kamaya LLC d/b/a Subway Restaurant ("Defendant"), hereby answers the Amended Complaint filed by Plaintiff Jennifer Hudson, f/k/a Reginald Knight ("Plaintiff") and assert its affirmative defenses.

## RESPONSES TO NUMBERED PARAGRAPHS

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff asserts a claim under federal law.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff asserts venue in this Court.

3. Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 3, and therefore deny the same.

4. Admitted.

5. Admitted.

6. Defendant admits that it employed Plaintiff as a sandwich artist for 4 days in December 2013. Defendant is without sufficient information to form a belief as to the truth of the allegations in the third sentence of this Paragraph, and therefore deny the same.

7. Denied.

8. Defendant admits that it discharged Plaintiff, but denies that the discharge occurred on December 12, 2013.

9. Defendant denies that Plaintiff performed satisfactorily during employment and therefore denies the allegation in Paragraph 9.

10. Denied.

11. Defendant admits that Plaintiff filed an administrative complaint, which speaks for itself.

12. Paragraph 12 states a legal conclusion to which no response is required.

13. Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they exceed the scope of subject matter that the administrative agency investigated or could have investigated based on the agency complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damage, and/or because Plaintiff failed to mitigate or minimize such alleged damage.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to set-off should damages be awarded.

### SIXTH AFFIRMATIVE DEFENSE

Defendants reserve, and do not waive, the right to modify their defenses or assert additional defenses.

### JURY DEMAND

Defendant also claims a jury on all claims so triable.

Respectfully submitted,

Kamaya LLC d/b/a Subway Restaurant,
By its attorney,

　　　*/s/* Daniel J. Blake
Daniel J. Blake, BBO #: 552922
Daniel.Blake@leclairryan.com
LECLAIRRYAN, *A Professional Corporation*
One International Place, 11th Floor
Boston, MA 02110
(617) 502-8200
(617) 502-8201 – Fax

## CERTIFICATE OF SERVICE

  I, Daniel J. Blake, hereby certify that on this 6th day of May 2015, I served a copy of this document electronically through the ECF system to the registered participants on the Notice of Electronic filing (NEF).

                  */s/* Daniel J. Blake
                  Daniel J. Blake

15901228_1